J-S33025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| NATHAN HAYNES | : | |
| | : | |
| Appellant | : | No. 219 WDA 2023 |

Appeal from the PCRA Order Entered January 24, 2023
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0001556-2014

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:                **FILED:  December 4, 2023**

Nathan Haynes (Appellant) appeals from the order entered in the Allegheny County Court of Common Pleas, denying his serial Post-Conviction Relief Act[1] (PCRA) petition.  Appellant seeks relief from an aggregate sentence of 13 to 35 years' incarceration, imposed on June 23, 2015, after a jury convicted him of three counts each of robbery and conspiracy to commit robbery, and one count each of harassment, conspiracy to commit harassment, and conspiracy to commit theft by unlawful taking.[2]  On appeal, he complains the PCRA court erred in finding that he failed to meet a

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 3701(a)(1)(ii), (iii), (iv), 903(a), 2709(a)(1), and 3921(a).

timeliness exception[3] to the PCRA time bar and denying relief on his after-discovered evidence claim. Based on the following, we affirm.

A detailed recitation of the underlying facts is not necessary for this appeal. Briefly, we note that Appellant's convictions stem from the August 26, 2014, robbery and assault of Gary Butch at his place of business in Grove City, Pennsylvania. Appellant and his companions, Enrico Rhodes[4] and Carl Hammonds, were charged with crimes related to the event. The matter proceeded to a jury trial.[5] The trial court granted Appellant's request to proceed *pro se* after conducting a colloquy, and appointed Autumn L. Johnson, Esquire, as standby counsel (Standby Counsel).

On April 23, 2015, at the conclusion of a three-day trial, the jury found Appellant guilty of the above-mentioned crimes. Two months later, on June 23rd, the trial court sentenced Appellant to a term of seven-and-a-half to 20 years' incarceration for one of the robbery convictions and a consecutive term of five-and-a-half to 15 years' incarceration for one of the conspiracy to

---

[3] 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

[4] *See Commonwealth v. Rhodes*, 849 WDA 2016 (unpub. memo.) (Pa. Super. April 13, 2017), *appeal denied*, 183 WAL 2017 (Pa. Nov. 7, 2017).

[5] Rhodes and Hammonds were tried separately.

commit robbery convictions.[6]  Appellant filed a post-sentence motion, which the trial court denied.

Appellant then filed a direct appeal.  A panel of this Court affirmed his judgment of sentence on March 8, 2016, and the Pennsylvania Supreme Court denied his petition for allowance of appeal (PAA) on August 18, 2016.  *See Commonwealth v. Haynes*, 1151 WDA 2015 (unpub. memo.) (Pa. Super. Mar. 8, 2016), *appeal denied*, 147 WAL 2016 (Pa. Aug. 18, 2016).

Appellant filed a timely, *pro se* PCRA petition on October 6, 2016.  The PCRA court appointed counsel, who subsequently withdrew, and new PCRA counsel was appointed.  On February 3, 2017, the PCRA court conducted an evidentiary hearing.  During the hearing, Standby Counsel testified in depth about her representation of Appellant.  *See* N.T., 2/3/17, at 32-51.  That same day, the PCRA court entered an order denying Appellant's petition.  Appellant appealed, and a panel of this Court affirmed the PCRA court's order denying relief on November 28, 2017.  *See Commonwealth v. Haynes*, 356 WDA 2017 (unpub. memo.) (Pa. Super. Nov. 28, 2017).

On July 30, 2018, Appellant filed a second, counseled PCRA petition, claiming ineffective assistance of counsel.  The PCRA court denied the petition

---

[6] The court did not impose any further penalty as to the remaining convictions, which merged for sentencing purposes.

on March 25, 2019. Appellant filed a *pro se* motion for reconsideration, which the court denied on December 1, 2020.

On November 19, 2021, Appellant filed the instant *pro se*, his third, PCRA petition, raising claims of ineffective assistance of counsel, unavailability of exculpatory evidence, and an illegal sentence. **See** Appellant's Motion for Post-Conviction Collateral Relief, 11/19/21, at 2-3. Appellant invoked all three timeliness exceptions to the PCRA, alleging, in relevant part, the Commonwealth withheld certain exculpatory evidence in the form of videotapes connected to the incident that "may prove" his innocence.[7] **Id.** at 3. Appellant further pled he "spoke to one of the actual robber[s,]" Rhodes, and Rhodes informed him that the prosecution had this evidence in its possession. **Id.**[8]

_____

[7] Appellant does not specify the origin of these videos.

[8] We note that Appellant comingles the concept, "newly-discovered evidence" with the phrase, "after-discovered evidence," when discussing the timeliness exception. **See Commonwealth v. Williams**, 244 A.3d 1281, 1289 n.20 (Pa. Super. 2021) (stating that a newly-discovered evidence issue — defined under Section 9545(b)(1)(ii) of the PCRA — is a jurisdictional threshold and does not require a merits analysis, whereas an after-discovered evidence argument — set forth in Section 9543(a)(2)(vi) of the PCRA — is a substantive claim alleging the unavailability of exculpatory evidence at the time of trial that would have changed the outcome at trial if introduced). Here, we must first address the jurisdictional question, because the PCRA court found Appellant's petition was untimely filed, before we can reach the merits of the substantive claim.

Melissa M. Merchant-Calvert, Esquire, was appointed, who then filed a motion to withdraw and **Turner**/**Finley** no-merit letter.[9]  In the no-merit letter, Attorney Merchant-Calvert referenced video surveillance footage from a Sheetz convenience store, which purportedly showed Rhodes and Hammonds "both outside and inside of the store" and from the campus of Grove City College, which allegedly revealed the same men "running through campus."  Attorney Merchant-Calvert's No-Merit Letter, 2/8/22, at 2 (unpaginated).  Attorney Merchant-Calvert further stated:

> It appears that these records and video surveillance were provided to [Standby Counsel] on or about March 6, 2015.
>
> [Standby Counsel] came to the Mercer County Jail on March 6, 2015 to review discovery with [Appellant.]
>
> [Standby Counsel] also came to the jail to see [Appellant] on March 20, 2015 and April 17, 2015 to review discovery, discuss plea offers, and prepare for trial.
>
> Therefore, the [videos] were available to [Appellant] and/or could have been discovered by due diligence, and [he was] not entitled to relief under this claim.

*Id.*

The PCRA court granted Attorney Merchant-Calvert's request and issued a Pa.R.Crim.P. 907 notice of intention to dismiss without a hearing on February 14, 2022.  Appellant filed a *pro se* motion for reconsideration on March 3,

---

[9] **Commonwealth v. Turner,** 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

2022.[10]   That same day, the PCRA court granted Appellant's motion and vacated its Rule 907 notice.   Thereafter, the PCRA court appointed numerous attorneys to represent Appellant and they all filed motions to withdraw as counsel.   David Raymond Gloss, Esquire, eventually was appointed and he filed a "No Merit Report on PCRA" and a motion to withdraw on January 23, 2023.   In the report, Attorney Gloss stated Appellant's claim regarding the videotapes had no merit based on the following:

> The . . . claim of "newly discovered evidence", the "Sheetz video" was . . . difficult to obtain.  [Appellant] contends that this will clear him of all charges.  However, a review of that video does not, in the opinion of the undersigned counsel, so illustrate.
>
> While the clip of the Sheetz video provided by the prosecution to the undersigned [was], for technical reasons, unviewable, the undersigned contacted [Standby Counsel] to try and obtain that video.  That discovery information was obtained by [Standby Counsel's] office in May of 2014 and March of 2015. Clip 1 and Clip 3 show the parking lot arrival of [Appellant, Rhodes, and Hammonds] at about 4:11 a.m[.] and leaving the store at 4:19 a.m.  Clips 2, 4, 5 and 8 show co-defendants Hammonds and Rhodes inside the store, as identified by police investigating the matter.  While [Appellant] is not directly seen in the video or the clips, they do not directly show that [Appellant] was not involved in the case.   Moreover, they have been in possession of [Appellant]'s pre-trial, advisory, and post-trial motions counsel for more than seven years.  While [Appellant] may complain that his counsel should have utilized this record as part of his defense, we must recall that [Appellant] represented himself at trial, and that in the transcript of [Standby Counsel]'s testimony [at the February 3, 2017, PCRA hearing], she testified that she had a

_____

[10] Appellant stated it was improper for Attorney Merchant-Calvert to represent him because she had a conflict of interest due to her representation of a witness in the underlying matter.   *See* Appellant's Pro Se Motion for Reconsideration, 3/3/22, at 1-2 (unpaginated).

member of her office go over the discovery with [Appellant] prior to trial.

Attorney Gloss's No Merit Report on PCRA and Motion to Withdraw, 1/23/23, at 6 (unpaginated).

In the meantime, the Commonwealth filed a motion to dismiss Appellant's PCRA petition on August 26, 2022, asserting the PCRA court "should take Attorney [Merchant-Calvert]'s *Turner/Finley* letter into account in finding that . . . Appellant's current PCRA [petition] is untimely, and his claims are without arguable merit." Commonwealth's Motion to Dismiss PCRA Petition, 8/26/22, at 5 (unpaginated).

The PCRA court held a hearing on January 23, 2023. The next day, the PCRA court entered an order, which granted the Commonwealth's motion, dismissed Appellant's PCRA petition as untimely, and discharged the appointment of Attorney Gloss. This timely *pro se* appeal followed.[11]

Appellant raises the following issues on appeal:

I. Did the PCRA court err or abuse its discretion in denying post-conviction relief on the claim of whether Appellant is entitled to a new trial in this matter based on previously unavailable and materially exculpatory evidence, namely a video from the Grove City College area, wherein this video clearly depicts the two (2) individuals responsible for the robbery of Gary Butch, and fleeing his residence, the man Appellant has been wrongfully convicted of robbing, that this claim is supported by evidence of record, and a genuine issue of material fact exist[s]?

---

[11] The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant timely complied, and the PCRA court issued an Pa.R.A.P. 1925(a) opinion on March 21, 2023.

II. Did the PCRA court err or abuse its discretion in denying post-conviction relief in this matter on the claim of whether Appellant is entitled to a new trial when it determined that . . . Appellant failed to surmount the one-year filing requirement for newly/after-discovered evidence pursuant to 42 Pa.C.S.A. § 9545(b)(2) taking into consideration the fact that he was unable to obtain the video from Grove City College because the Commonwealth interfered with the presentation of his claims by failing to provide him with mandatory discovery and exculpatory information, which constitutes newly/after-discovered facts within the exception contained at Section 9545(b)(1)(ii), and the fact that he raised these claims on November 19, 2021, in the [t]hird PCRA [p]etition, within one-year of learning of the evidence on which the newly/after-discovered claim is based, thereby complying with Section 9545(b)(2)?

Appellant's Brief at 4. Based on the nature of Appellant's claims, we will address his second argument first.

This Court's "standard of review of a PCRA court order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Hipps*, 274 A.3d 1263, 1266 (Pa. Super. 2022) (citation omitted), *appeal denied*, 288 A.3d 1292 (Pa. 2022). Our review of factual questions is "limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party[.]" *Commonwealth v. Howard*, 285 A.3d 652, 657 (Pa. Super. 2022) (citations omitted). However, we apply a *de novo* standard of review to the PCRA court's legal conclusions. *Id.*

Appellant's second argument addresses the jurisdictional question of whether the PCRA court properly dismissed his petition as untimely filed and that he did not meet his burden of proving that the newly-discovered evidence

exception to the time-bar applied. *See* Appellant's Brief at 19. Therefore, we must determine whether this appeal is properly before us.

> The timeliness of a PCRA petition is a jurisdictional requisite. [T]he PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of the petition. In other words, Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. A judgment of sentence is final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review.

*Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (citations, quotation marks, & emphasis omitted); *see also* 42 Pa.C.S. § 9545(b)(1), (3).

Here, as noted above, a panel of this Court affirmed Appellant's judgment of sentence, and the Pennsylvania Supreme Court denied his PAA on August 18, 2016. Therefore, his judgment of sentence became final on November 16, 2016 — 90 days after the Supreme Court denied the PAA, when the time for filing a petition for writ of *certiorari* with the United States Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. Rule 13(1) (providing that a petition for a writ of *certiorari* in the United States Supreme Court must be filed within 90 days after the entry of judgment of a state court of last resort). Generally, Appellant then had one year from that date, until November 16, 2017, to file a PCRA petition. *See* 42 Pa.C.S. §

9545(b)(1). He filed the present petition on November 19, 2021 — over four years later — and as such, it is facially untimely.

Nevertheless, Section 9545(b)(1) provides three exceptions to the time for filing requirement. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Among these is the newly discovered fact (or evidence) exception, which is defined as follows:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> *       *       *
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]

42 Pa.C.S. § 9545(b)(1)(ii).

Any petition invoking one of the timeliness exceptions must be filed "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[12] It is the petitioner's "burden to allege and prove that one of

_____

[12] Prior to 2018, Section 9545(b)(2) required a petitioner to invoke a timeliness exception within 60 days. However, in 2018, the time period was extended to one year. *See* 42 Pa.C.S. § 9545(b)(2); Act of October 24, 2018, P.L. 894, No. 146, § 3. The Act amending Section 9545(b)(2) provides that the one-year period applies only to claims arising on or after December 24, 2017. *See* Act of October 24, 2018, P.L. 894, No. 146, § 3. Appellant alleges his claim arose on January 1, 2021, Appellant's sister told him about a phone conversation she had with Rhodes regarding the surveillance video footage from Grove City College. Therefore, the amendment to Section 9545(b)(2) does apply to the present matter.

the timeliness exceptions applies." ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008).

"Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

Additionally, the Pennsylvania Supreme Court previously explained that "[t]he focus of the [Section 9545(b)(1)(ii)] exception is on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (citation, quotation marks, & emphasis omitted). "The law does not require a 'nexus' between the newly-discovered facts and the conviction or sentence for purposes of satisfying the timeliness exception requirements of the PCRA." ***Commonwealth v. Blakeney***, 193 A.3d 350, 366 (Pa. 2018). The exception "does not require any merits analysis of the underlying claim[.]" ***Commonwealth v. Small***, 238 A.3d 1267, 1286 (Pa. 2020) (citation omitted).

Turning to the present matter, Appellant contends that the PCRA court erred in determining that he did not satisfy the newly-discovered evidence exception based on his claim that the Commonwealth did not disclose the Grove City College video evidence and he did not learn about it until Rhodes

- 11 -

informed Appellant's sister of its existence. *See* Appellant's Brief at 19-20.

He alleges that he exercised due diligence because

> it would never be in . . . Rhodes' self-interest to admit to only his and . . . Hammonds' involvement in . . . Butch's robbery, especially since the Commonwealth proffered the video from Grove City college during their severed trial[.] Appellant has always been at . . . Rhodes' mercy in waiting for him to decide to do the right thing by coming forward offering information and evidence, showing exclusively of his and . . . Hammonds' involvement in this matter.

*Id.* at 21. Appellant states the Commonwealth withheld this evidence at his trial but later used it at the trial of Rhodes and Hammonds "because said video clearly depicted Rhodes and Hammonds alone fleeing from inside [Butch's] residence." *Id.* at 20 (emphasis omitted). He suggests "the Commonwealth knowingly suppressed exculpatory evidence which was 'material' to [his] defense at trial, and constitute[d] a *Brady*[13] violation[.]" *Id.* at 22. Additionally, Appellant refers to the PCRA court's statements at the January 23, 2023, PCRA hearing and its Rule 1925(a) opinion, and argues the PCRA court mistakenly relies only on the Sheetz video evidence, which he claims was not the subject of his newly-discovered evidence claim. *Id.* at 21. He

_____

[13] *Brady v. Maryland*, 373 U.S. 83 (1963). A *Brady* violation claim avers: the Commonwealth suppressed evidence, either willfully or inadvertently, that was favorable to the accused, either because it was exculpatory or impeaching, and prejudice ensued. *Commonwealth v. Natividad*, 200 A.3d 11, 25-26 (Pa. 2019).

maintains his argument only concerned the Grove City College video. ***Id.*** Appellant concludes:

> [T]he Commonwealth's failure to disclose such evidence . . . adversely affected the presentation of the *pro se* defense at trial, and, the *pro se* defense's preparation for trial, such that there is a reasonable probability that, had the video evidence disclosed to the *pro se* defense, the result of the proceeding would have certainly been different because the [Grove City College video was] used as substantive evidence against [Rhodes and Hammonds].

***Id.*** at 26.

In rejecting Appellant's claim, the PCRA court concisely explained: "This argument is facially defeated as both the record and [Standby C]ounsel state the asserted facts were known and/or could have been acquired by the exercise of due diligence." PCRA Ct. Op., 3/21/23, at 8 (unpaginated) (footnote omitted).

We agree with the PCRA court's conclusion. Contrary to Appellant's assertions, the record reveals that Appellant was made aware of the Grove City College video prior to January 1, 2021 — the date he claims he first learned about the video. At the February 3, 2017, PCRA hearing, Standby Counsel testified that prior to the 2015 trial, when Appellant decided to represent himself, Standby Counsel handed him "whatever discovery [she] had at that point." N.T., 2/3/17, at 40. She indicated that there was "a **video** taken at **Grove City College**, which showed two black males running" but "[i]t was hard to tell who it was." ***Id.*** (emphasis added). When asked how Standby Counsel would have shown the video to Appellant, she responded: "I

had Mr. Ivory Barnett, who is one of our investigators, take the video down with him on a laptop [to the jail] and show [Appellant] that [evidence]." *Id.* Accordingly, Standby Counsel's testimony establishes that Appellant was aware of the Grove City College video evidence before his 2015 trial and at the very latest, at the February 3, 2017, PCRA hearing when Standby Counsel provided testimony regarding its existence. Appellant did not bring this claim within the one-year requirement set forth in Section 9545(b)(2). Rather, he waited several years to file his November 2021 petition. Accordingly, Appellant's first claim is unavailing because he failed to plead and prove the applicability of the newly-discovered evidence exception to the PCRA's time-bar. *See Abu-Jamal*, 941 A.2d at 1268. Thus, the PCRA court properly refused to address the merits of the claim as it was without jurisdiction to do so.[14]

Appellant's second issue concerns the merits of an after-discovered evidence claim. *See Williams*, 244 A.3d at 1289 n.20. However, because

---

[14] We add two additional comments. First, to the extent Appellant contends an alleged *Brady* violation occurred, the record disproves his assertion where Standby Counsel confirmed that the Grove City College video was provided to her and Appellant prior to trial. *See* N.T., 2/3/17, at 40. Second, Appellant misconstrues the PCRA court's statements at the January 23, 2023, hearing and its Rule 1925(a) opinion as there is no indication that the court only addressed the Sheetz video. The court referred to general terms of video surveillance evidence mentioned by Standby Counsel, which we can infer included the Grove City College video. *See* N.T., 1/23/23, at 4; PCRA Ct. Op. at 8 (unpaginated).

Appellant's petition is facially untimely, and he has failed to prove any applicable timeliness exception under Section 9545(b)(1), we are without jurisdiction and precluded from reaching the merits of Appellant's substantive claim. Accordingly, Appellant's first claim need not be addressed further.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/4/2023